IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PAUL KELLETT | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| MARTIN O'MALLEY, | : | No. 18-cv-4757 |
| Commissioner of Social | : | |
| Security. | : | |

**MEMORANDUM OPINION**

**CRAIG M. STRAW**  May 16, 2024
**United States Magistrate Judge**

In 2015, Plaintiff Paul Kellett applied for, but was denied Disability Insurance Benefits (DIB). Doc. 14, at 3; R. 1; 13; 27.[1] After going through the administrative process, Kellett challenged the denial in court. Docs. 2 & 11. The Court found in favor of Kellett and remanded the case for further administrative proceedings.[2] Doc. 14, at 2-3; 15. Ultimately, following remand, Kellett was awarded past-due benefits. Doc. 21-1, at 2. Mr. Robert Savoy represented Kellett during the federal action. Id. at 2-3. Savoy has now filed a motion for an award of attorney's fees pursuant to 42 U.S.C. § 406(b). Doc. 21. For the reasons explained below, I grant the motion.

**I.     PROCEDURAL HISTORY**

Kellett applied for benefits on March 13, 2015, with an amended alleged onset date of

---

[1] The page numbers used for citations in this opinion are the CM/ECF generated page numbers in the upper right corner of the documents.
[2] Magistrate Judge Timothy R. Rice originally heard the case but retired from the Court after remanding the case. On April 24, 2024, the matter was reassigned to me for all further proceedings. See Doc. 22. On the same day, Kellett filed the requisite consent form. See Doc. 24; 8 U.S.C. § 636(c)(1) & Rule 73, Fed. R. Civ. P.

August 31, 2014.  Doc. 14, at 3; R. 13; 38.  The ALJ issued a decision denying Kellett's claim following a hearing.  Doc. 14; R. 10; 26-27.  Kellett sought review with the Appeals Council.  R. 1.  The Appeals Council denied the request.  Id.  Therefore, the ALJ's decision became the final decision of the Social Security Commissioner.  R. 1-2; 20 C.F.R. § 404.981.

On November 2, 2018, Kellett initiated a civil action in this Court requesting review of the Commissioner's final decision.  Doc. 2, at 1-2; Doc. 11.  The Court granted Kellett's request on June 3, 2019.  Doc. 14, at 2-3; 15.  The Court determined the ALJ who presided over the Social Security Administrative (SSA) proceedings was improperly appointed and remanded the case to a different, constitutionally appointed ALJ for a de novo hearing.  See Doc. 14, at 2-15.  On June 8, 2020, the Court approved a joint stipulation and order for $6,000 in attorney's fees to be awarded to Kellett to assign to counsel under the Equal Access to Justice Act ("EAJA").  Doc. 20.

On remand, Kellett was awarded past-due disability benefits totaling $115,080.  Docs. 21, at 5 & 21-1, at 2.  On April 24, 2024, Savoy filed a motion for an award of attorney's fees under 42 U.S.C. § 406(b).  Doc. 21.  He seeks $22,770 as reasonable attorney's fees for representing Kellett in the present matter.  Doc. 21, at 1, 5-6; 42 U.S.C. § 406(b).  Counsel has clarified that he is asking for $22,770 in attorney's fees minus $6,000 that has been awarded under the EAJA for a total amount of $16,770.  Doc. 21, at 2; 7-8.  On April 30, 2024, the Commissioner responded stating it "neither supports nor opposes counsel's request. . . ."  Doc. 25, at 1-2.

## II.   LEGAL STANDARD

The relevant provision of the Social Security Act provides:

> Whenever a court renders a judgment favorable to a claimant under this subchapter [i.e., Title II] who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such a representation, not in excess of 25 percent of the total of the past-due benefits . . . .

42 U.S.C. § 406(b)(1).

When the fee does not exceed the 25% threshold, the Court must still assure that the attorney does not receive a "windfall." Gisbrecht v. Barnhart, 535 U.S. 789, 808 (2002).

As part of that assessment, the Court will consider the reasonableness of the award. Id. The attorney seeking the attorney's fees has the burden to prove the request is reasonable. Id. at 807, n.17. Relevant factors when considering the reasonableness of an award include but are not limited to any delay for which the attorney is responsible, whether the benefits are large in comparison to the time counsel spent on the case, and counsel's experience. See Risser v. Kijakazi, No. 18-4758, 2022 WL 1308512, at *2 (E.D. Pa. May 2, 2022); Mignone v. Comm'r of Soc. Sec., No. 13-cv-6054, 2018 WL 259949, at *1 (D.N.J. Jan. 2, 2018). The Court can also factor in the inherent risk of accepting Social Security cases on a contingent basis. See, e.g., Tschudy v. Comm'r of Soc. Sec., No. 18-3424, 2020 WL 3316403, at *1 (D.N.J. June 18, 2020) (citing risk inherent in taking cases on contingency basis when evaluating reasonableness of award). The Court may evaluate the record of the hours counsel spent representing the claimant and counsel's normal hourly rate when considering reasonableness. See Shackles v. Barnhart, No. 04-cv-0822, 2006 WL 680960, at *1 (E.D. Pa. March 15, 2006). In Social Security cases, attorney's fees may be awarded under both the EAJA and § 406(b), but the claimant's attorney must "refun[d] to the claimant the amount of the smaller fee." Gisbrecht, 535 U.S. at 796.

3

### III.  DISCUSSION

Savoy seeks $22,770 in attorney's fees pursuant to his contingent agreement with Kellett. Doc. 21, at 1-2; Doc. 21-2, at 1.  This agreement provides, in part, that "Robert Savoy may seek a fee of up to 25 percent of any past due benefits awarded, less any fee awarded to any attorney for administrative representation."  Doc. 21-2, at 1.  In his motion, Savoy notes that $6,000 in fees has already been awarded under the EAJA.  Doc. 21, at 3.  The $22,770 Savoy seeks is approximately 19.8% of the total amount of past due benefits awarded to Kellett ($115,080), so the request complies with the 25% statutory maximum.  Gisbrecht, 535 U.S. at 794-95; 807; 42 U.S.C. § 406(b)(1).

The fee is also reasonable and is not a windfall for counsel.  As Savoy points out, civil actions in Social Security cases have a significant risk of loss which Savoy incurred when he decided to take on the case on a required contingent basis for Kellett.  See Tschudy, 2020 WL 3316403, at *1; Doc. 21, at 6 (citing disability decision data and noting claimants who go to court only ultimately prevail approximately 35% of the time).  Moreover, Savoy has forty-seven years of experience in this specialized area of law.  Doc. 21, at 7.  In support of the motion, Savoy provided an itemized record of the 30.3 hours he spent working on the case—an appropriate amount of time for this matter.  Doc. 21-3, at 1-2.  His requested fee of $22,770 for 30.3 hours of work amounts to an hourly rate of $751.48.  Courts have found similar hourly rates were reasonable when accounting for the amount of time counsel worked on the case, and therefore no downward adjustment is necessary.  See, e.g., Gisbrecht, 535 U.S. at 808; see also Mignone, 2018 WL 259949, at *2 (finding award of attorneys' fees with hourly rate of $850.14 was reasonable after reviewing work sheet detailing amount of time each attorney, who worked

4

exclusively in social security field, spent on tasks); Leak v. Comm'r of Soc. Sec., No. 11-51, 2017 WL 551391, at *1-2 (D.N.J. Nov. 17, 2017) (holding hourly rate of $745.24 for attorney's fees was reasonable in light of counsel's thirty years of social security experience and fact that plaintiff was satisfied with "excellent results obtained"); Wilson v. Astrue, 622 F. Supp. 2d 132, 134-37 (D. Del. Dec. 9, 2008) (determining hourly rate of $1,155.69 is reasonable based on counsel's over thirty years of experience in field and because of favorable result for plaintiff). In addition, there is no indication that Savoy was responsible for delaying the case. See Riser, 2022 WL 1308512, at *2. Finally, Savoy's motion is timely because it was filed within fourteen days from the April 17, 2024 notice he received of the benefits award. See Walker v. Astrue, 593 F.3d 274, 280 (3d Cir. 2010); Doc. 21, at 8.

## IV. CONCLUSION

For the reasons discussed above, this Court finds Savoy's request for attorney's fees in the amount of $22,700 is reasonable. Plaintiff's Attorney's Motion for an Award of Attorney's Fees Under 42 U.S.C. § 406(b) is granted. An appropriate order follows.

BY THE COURT:

/s/ Craig M. Straw
CRAIG M. STRAW
U.S. Magistrate Judge